## BARNES vs. THE MAYOR & ALDERMEN OF MOBILE.

1. A retrospective operation will never be given to a statute, unless the intention clearly appears on its face that it should so operate.
2. When the judge, by consent of the parties, is substituted in lieu of a jury to try the facts of a case, his decision cannot be revised by the appellate court.
3. It is the duty of the court to construe a law or ordinance and gather its intention from the law itself, and not from contemporaneous avowals of the individual framers of it.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

A JUDGMENT was rendered by the Mayor of the City of Mobile against the plaintiff in error for a fine of twenty-five dollars and costs, for his infraction of a city ordinance. The defendant appealed to the Circuit Court, where judgment was again rendered against him, to reverse which he prosecutes this writ of error. The facts of the case may be collected from the opinion.

LINDSAY & GIBBONS, for plaintiff in error.

JOHN A. CAMPBELL, *contra*.

CHILTON, J.—The ordinance passed by the corporate authority of Mobile, for the violation of which the judgment now sought to be reversed was rendered against the plaintiff in error, is in these words : " Sec. 1. Be it ordained by the Mayor, Aldermen and Common Council of the City of Mobile, that from and after the passage of this ordinance, it shall not be lawful for any person, or persons, to establish within the corporate limits of the city of Mobile the boiling of any materials of which soap or candles are made, or any factory of soap or candles, except in the manner provided for in the second section of this ordinance, Sec. 2. Be it further ordained, that any person or persons desirous of engaging in the business of making soap or candles, shall first obtain the written certificate of the board of health, that the location which he or they have selected for the purpose, is such as will not prove injurious to the health or comfort of the neighborhood. This certificate shall be submitted to the Mayor of the City of Mobile, and if he approve the same, he shall grant a license for the boiling or making of soap at the place named in said certificate." The third section provides a penalty against any one who shall establish within the corporate limits of the city any manufactory of soap or candles, without having obtained the license provided for in the second section, of twenty-five dollars for each day the same shall be continued.

This ordinance was approved on the 4th of August, 1847, and the plaintiff in error, insisting that it was not the design of the Common Council to subject to such ordinance manufactories of soap and candles which had been established previous to its passage, proved that his soap factory had been established and was in operation several years before and at the time the ordinance was passed, and that he had not established any factory or materials for the boiling of soap or making of candles within said corporate limits, since said ordinance was passed. The case has been argued before us by the counsel for the plaintiff in error, under the apprehension that this proof was excluded by the Circuit Court; but upon inspecting the record, it will be seen that he was under a misapprehension, and that the proof was admitted.

We entirely agree with him that the ordinance is alone appli-

cable to establishments for the boiling of materials and the manufacture of soap and candles, erected or established after its passage, and that it was not designed to embrace those which were then in existence. This construction would seem to result from the language itself—" *that from and after the passage of this ordinance*, it shall not be lawful for any person or persons to establish," &c.; that is, permanently to erect, a manufactory for the making of soap or candles, or the boiling of materials from which they are made. The language of this ordinance does not justify us in giving it a retrospective operation; and such construction will never be indulged, unless the intention obviously appears from the law or ordinance that it should so operate.—See Hays v. Gould, at the present term, and cases there cited. But notwithstanding this conclusion, the plaintiff in error can take no benefit from it in the present trial, as he failed in the court below to call forth the action of the court upon it as constituting a defence to the action. The judge, by consent, was substituted in lieu of the jury, to try the facts, and the defendant below prayed the court for judgment in his favor, on the grounds that the corporation had no power to pass the ordinance, and because the proof showed that the defendant had not violated its provisions. This motion for judgment, as predicated upon the proof, does not raise the question of the liability of the plaintiff in error, as affected by the erection of his establishment anterior to the passage of the ordinance. It merely presents a question of fact to be determined upon *all* the proof, and this the bill of exceptions does not purport to set out; but if all the evidence had been spread upon the record, we should have no more power to revise the verdict of the judge upon the facts, than if such a verdict had been rendered by a jury.—Etheridge v. Malempre, 18 Ala. 565; 16 Pet. 169; 7 How. U. S. R. 833.

We entertain no doubt but that the corporation has full power given it by the Legislature (Acts of 1844, 179, § 15, 189, § 43,) to pass such ordinance. It is but a statutory police regulation, designed to promote the health and comfort of the citizens.

There is no force in the exceptions that the court rejected evidence showing that a committee of the corporation had, previous to the passage of the ordinance, examined the establishment of the plaintiff in error and pronounced it a public benefit. It is not pretended that this amounted to a contract between the city

and the plaintiff in error, nor does it even appear that the examination referred to was an authoritative, binding act of the corporation as such. It is therefore unnecessary for us to inquire what would be the effect of a contract entered into between the corporation and a citizen, for the erection of such an establishment, upon the powers of the corporation to abate it, should it subsequently turn out to be a public nuisance. The proof offered of the existence of another establishment of a similar kind in the city at the time the ordinance was passed, and that it was the avowed object of the corporation not to include them in the provisions of the ordinance, was properly ruled out, as obviously illegal. It is for the court to construe the ordinance and gather the intention of the law-maker from the law itself, and not from the contemporaneous avowals of the individual law-makers. But this has not been seriously insisted on; and, according to the construction we have placed upon the ordinance, the exclusion worked no injury to the plaintiff in error. Our conclusion is, that although it is quite probable the plaintiff in error had a good defence in the court below, the record does not place him in a condition to avail himself of it in this court.

Let the judgment be affirmed.