## MIMS *vs.* STURDEVANT AND WIFE.

1. The declarations of one who is in possession of personal property, explanatory of his possession, are admissible evidence; but his declarations in regard to the contract by which he came into possession, are not admissible evidence in his favor.

2. Injury will be presumed from error, unless the record itself rebuts the presumption, and shows affirmatively that no injury could have resulted.

3. When incompetent evidence is admitted, when objected to, on the trial of an issue before the Court of Probate, the decision of the court may be revised on error, although the issue was tried without the intervention of a jury.

ERROR to the Court of Probate of Monroe.

The defendants in error suggested to the court below that the executors of Britton Mims, deceased, had failed to charge themselves in their inventory with a certain negro, named John, the property of said estate. Stanford Mims, the plaintiff in error, who was one of said executors, claimed said negro as his own property ; and thereupon an issue was formed between the parties to try this question, which was decided by the court without the intervention of a jury, without objection from either party so far as the record discloses.

On the trial of this issue, the defendants in error offered proof tending to show, that said negro was purchased by said Stanford for and on account of said Britton, and with the money of said Britton ; and the plaintiff in error offered evidence tending to rebut this proof, and to show that he purchased said negro with his own means, and on his own account, and that he had exercised ownership and control over him from the time of said purchase up to the death of said Britton. In support of their part of the issue, the defendants in error offered a witness, who testified, " that he was present previous to the purchase of said negro, when money was counted out by Britton Mims and wife, which they stated was for the purchase of John." The plaintiff in error objected to the admission of this evidence, it being shown that he was not present at said conversation; but his objection was overruled, and he excepted. The court decided, on the evidence before it, that the negro belonged to the estate of said Britton Mims, deceased. The error assigned is, the admission of the evidence above set forth to which exception was duly taken.

The case was before this court at a former term, but was never reported.

R. C. TORREY, for plaintiff in error.

S. J. CUMMING, contra.

GIBBONS, J.—The sole question presented for our determination is, whether the court below erred in the admission of the testimony to which exception was taken, and the ruling of the court upon which is here assigned for error.

When this case was here at a former term, the testimony then

excepted to was as follows : " Thomas H. Brown, being offered as a witness, testified that, whilst the testator was in the possession of the slave, he stated to the witness that he had sent eight hundred dollars by Stanford Mims to purchase the slave, and that he had bought him for six hundred and five dollars." The admission of this testimony was on that occasion held by this court to be erroneous. C. J. Dargan, in commenting upon the evidence, says : " The declarations or admissions of one in possession of property explanatory of his possession, as that he held in his own right, or as a tenant or a trustee of another, are admissible evidence, because it explains the character of · is possession ; but his declarations in regard to the contract by which he came into possession cannot be received as evidence in his favor. This rule has often been repeated by this court, and must be considered as the settled law.—McBride v. Thompson, 8 Ala. 650 ; Cox v. Easley, 11 Ala. 362 ; Thompson v. Mawhinney & Smith, 17 Ala. 362.

Applying this test to the evidence, we think it was inadmissible. The declarations of the testator did not refer to his possession, but were merely descriptive of the contract by which he obtained possession ; consequently, they should have been rejected. The language employed by the late Chief Justice in reference to the testimony then under consideration, in our opinion, applies with equal force to the testimony drawn in qu stion by the present bill of exceptions. The testimony offered and admitted by the court below was, that on a certain occasion witness was in the presence of Fritton Mims and wife ; that they then counted out some money, and stated that it was for the purchase of the negro boy John. The mere act of counting the money would not, in our opinion, have any relevancy or per. tinency to the issue, without the accompanying declarations that it was for the purchase of the negro boy in question. These declarations could in no sense be considered explanatory of any possession, as possession merely, then had or in contemplation by the elder Mims, but must rather be considered as descriptive of the title by which he intended to acquire and hold the boy.— Such declarations fall directly within the influence of the cases above cited, and are entirely covered by the opinion of the late Chief Justice in this case when it was on a former occasion before this court.

But it is insisted, that, although the testimony is inadmissible by the strict rules of evidence, yet its admission could work no injury to the plaintiff in error, as the proof was abundant in favor of the decision of the court upon the facts without this evidence. It is true, the bill of exceptions sets out much other evidence; but it is not for this court to say that the proof was abundant without the evidence in question, and that therefore no injury could accrue from the admission of the testimony. The rule of this court is, that it will presume injury from error, unless the record itself rebuts the presumption.—*Ex parte* Keenan, 21 Ala. 55½; Frierson v. Frierson, *ib.* 549; Dave v. The State, 22 Ala. 23. This the record, in our opinion, does not do. We may have our own private opinion as to which side has the advantage in the weight of testimony offered, but we cannot pretend to say that the court below was not materially influenced in its decision by the evidence in question. If the defendants in error would avail themselves of the principle which they invoke, they should show by the bill of exceptions, or in some other manner by the record, that the court below was in no respect influenced by the testimony admitted, or that no injury in fact resulted to the plaintiff in error from the ruling of the court. This the record no where shows.

Again; it is insisted that, inasmuch as the court below decided the issue without a jury, its decision is not revisable by this court; and in support of this position is cited the case of Barnes v. Mayor and Aldermen of Mobile, 19 Ala. 707, and Botts v. McCoy & Johnson, 20 Ala. 579.

The principle here relied upon in argument is admitted to be correct, but, as we conceive, has no application to the question under consideration. We are not called upon to revise the decision of the court below upon the facts in evidence, nor is the correctness of the judgment of that court here drawn in question upon the proofs before it. But the question here is one purely of the competency of the evidence offered. The court below decided it to be competent, and as such admitted it. In this we think the court erred, and for this error the judgment of the court is reversed, and the cause remanded.