### SHAW *vs.* BEERS.

1. A recovery in an action for the hire of a horse, buggy and harness, is not a
bar to another action to recover damages for injuries done to the buggy and
harness while in the possession of the bailee.
2. When a case is submitted to the decision of the judge without the inter-
vention of a jury, his judgment on the law of the case is revisable on appeal.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THE appellant commenced two actions on the same day, be-
fore a justice of the peace, against the appellee, one to recover
$50 for the hire of a horse, buggy and harness, and the other
to recover $20 damages for injuries done to the buggy and
harness while in defendant's possession ; and both actions
were removed by appeal into the Circuit Court. In the case
for hire, the court had charged the jury, that if the defendant,
with the assent of the plaintiff, had taken the horse and buggy
for the purpose of trying them, in contemplation of purchasing

them, and nothing was agreed upon as to the length of time he should keep them on trial, it was defendant's duty to return them after a reasonable time for trial, and if he failed to do so, he would be liable for the hire of them so long afterwards as he kept them. The jury who tried that case returned into court, whilst the case for damages was on trial, with a verdict in favor of the plaintiff for $50. The testimony in the two cases was the same. The case for damages being tried without the intervention of a jury, the court was of opinion, that one action might have been brought which would have covered the whole amount of plaintiff's damages, and that he ought not therefore to recover in this action, and accordingly rendered judgment for the defendant; to which the plaintiff excepted, and which he now assigns for error.

WM. BOYLES, for the appellant.

P. HAMILTON, contra.

GOLDTHWAITE, J.—The bill of exceptions shows, that on the trial below, the judge held, that a recovery in an action for the hire of a horse, buggy and harness, was a bar to a recovery in the present suit, which was between the same parties to recover damages for injuries done to the buggy and harness while in the possession of the bailee. It is true, that where a claim is in its nature indivisible, it cannot be split up into different causes of action ; and this rule applies to torts as well as contracts.—Abner v. Holt, 11 Ala. 574; O'Neal v. Brown, 21 ib. 482. But this is not the case here. The bailment, or hiring, is entirely distinct from the injury done to the thing bailed ; so that the ruling of the court was, in effect, that a recovery in one action would operate to defeat another, where the subject-matter of the two actions was in no respect the same. We need not cite authority to show that this is error.

It is urged, however, for the appellee, that as the judge tried the facts of the case, his decision is not reversible. But this doctrine is confined to the action of the court as a trier of the facts as occupying only the position of a jury.—Mims v. Sturdevant, 23 Ala. 664. In the present case, the error was not an erroneous conclusion upon the facts in evidence,

but purely a mistake in relation to what the law was. It was precisely the same, in effect, as if he had charged the jury that the recovery for hire would defeat the appellant in his action for the injury.

Let the judgment be reversed, and the cause remanded.