## STEIN *vs.* JACKSON.

[ACTION FOR DAMAGES COMMENCED IN JUSTICE'S COURT.]

1. *Practice in appeal cases from justice's court.*—Although, under sections 2368 and 2369 of the Code, an appeal case is required to be tried according to equity and justice, upon an issue to be made up under the direction of the court, and tried by a jury; yet the parties may, by agreement, waive these statutory rights, and submit the case to the decision of the court, without the intervention of a jury, and without regard to the pleadings.

2. *Substantial defect in complaint not available on error.*—When an appeal case is, by consent of parties, submitted to the decision of the court, "upon the facts as well as the law," a substantial defect in the complaint is not available on error.

3. *When judgment in appeal case is not revisable on error.*—Where the court is, by consent of parties, substituted in lieu of a jury to try the facts of a case, in which, without such consent, the law would not authorize the court to try them, its decision on the facts is not revisable on error.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. THOMAS A. WALKER.

THIS action was brought by David Jackson against Albert Stein, "to recover $50 damages for refusing to furnish plaintiff with water from the Mobile water-works," of which said Stein was the lessee; was commenced in a justice's court, and removed by appeal, by the defendant, to the circuit court; where, as the judgment entry recites, the parties agreed to dispense with a jury, and submitted the case to the decision of the court, "upon the facts as

well as the law." The court rendered judgment for the plaintiff, for $50, besides costs; and its judgment is now assigned as error. The view taken of the case by this court renders it unnecessary to notice the facts set out in the bill of exceptions.

WM. G. JONES, F. S. BLOUNT, and R. H. SMITH, for appellant.

GEO. N. STEWART, *contra.*

RICE, C. J.—According to sections 2368 and 2369 of the Code, an appeal to the circuit court, from the judgment of a justice of the peace, where the sum claimed exceeds twenty dollars, must be tried "according to equity and justice;" and the cause must be tried upon an issue, to be made up *under the direction of the court,* and tried by a jury.

Under these sections, the right is secured to each party, to require the court to direct the issue or issues upon which the cause is to be tried, and also the right to a trial of such issue or issues by a jury. But the parties may waive those rights; and where they have done so by a valid agreement, and have thus made a law for themselves, they must abide by it.

It is true, that in the present record, a complaint and three pleas are found. But no action of the court was asked or had upon them; nor does it appear that the attention of the court was in any way called to them. On the contrary, the judgment entry expressly states, that, "by consent of both parties, a jury is dispensed with, and *the cause submitted to the court, to decide upon the facts, as well as the law.*" It is evident the parties did not limit or confine the court in the trial, to a trial upon the mere issues tendered by the complaint or pleas; nor did the agreement restrict the court in the trial of the cause, by any issue made or tendered by any of the pleadings set forth in the record. The agreement waived the right of the parties to require the court to direct any issue to be made up, and their right to a jury trial, and submitted the cause to the court, to be tried and decided "upon the

facts as well as the law," without regard to the pleadings. The defendant, therefore, has no right, in violation of the agreement, to demand a reversal of the judgment against him, upon the ground that the complaint in the record does not contain a substantial cause of action. We do not decide, that the complaint does not contain such cause of action; but, conceding that it does not, the agreement of the parties, upon which the cause was tried, precludes the defendant from a reversal for such defect in the complaint.

The defendant contends, that the court below erred in its judgment upon the evidence. But the record does not set forth all the evidence upon which the court acted; and therefore, we are unable to say there was error in that respect.—See Stein v. Feltheimer, at this term. Even if there was such error, it has been decided by this court, that where the judge, *by the consent of the parties*, is substituted in lieu of a jury to try the facts, in a case in which, without such consent, the law would not authorize him to try them, his decision upon the facts cannot be revised. Barnes v. The Mayor of Mobile, 19 Ala. 707; Bott v. McCoy, 20 Ala. 579; Mims v. Sturdevant, 23 Ala. 664; Shaw v. Beers, 25 Ala. 449.

The record does not enable us to say there is any error; and the judgment of the court below is affirmed.