## JOHNSON vs. BROCK.

The plaintiff in replevin proved that he once owned the property in dispute—the defendant proved an acknowledgment by the plaintiff that he had sold the property to a third person—the plaintiff then offered to prove by way of rebutting testimony, his own declarations and directions given to the witness, not in the presence of the purchaser, nor explanatory of, nor in any way connected with his acknowledgment

of the sale, nor at the same time: *Held,* that the declarations so made were inadmissible; but that the plaintiff might have proved any qualification of his acknowledgment of the sale, or how it was made, or what was the dealing between him and the purchaser; but that could not be proved by what he had said to the witness, unless it was at, and a part of the sale or dealing, and in the presence of the purchaser.

Where several instructions are, in effect, the same, and the court has given one, it is no error to refuse to give the others.

The doctrine of doubts has no foundation in civil practice, (20 *Ark.* 598; 21 *Ark.* 356.)

The title to personal property does not always draw to it the right of possession—as where it is hired for the time.

*Appeal from Hempstead Circuit Court.*

Hon. Len B. Green, Circuit Judge.

Eakin for the appellant.

Appellant surely had the right to explain by his contemporaneous and concurrent declarations at the time of the sale alluded to, whether it was a conditional sale, an agreement for a sale *in futuro,* or a positive transfer of property. It was proposed to introduce and prove his declarations as part of the *res gestæ,* as independent facts themselves, showing his intentions, and in that view it could make no difference whether they were made in the presence or absence of defendant. If his declaration, at the time explained his meaning, or if it could be deduced from directions contemporaneously given to another, concerning the subject matter, he surely had a right to show in that way, that at the time he did not agree to a transfer of the property.

The rule as to the admissibility of declarations, is very clearly laid down in the case of *Enos vs. Tuttle,* 3 *Conn. R.* 250; see *Greenl. Ev. sec.* 108, *and note; Stark. on Ev.* 36; 11 *Pick.* 362; 1 *Not & McCord,* 221; 2 *Serg. & Rawle,* 197; 14 *Ib.* 275. The rule as to the admission of declarations and directions is laid down with great precision in the case of *Cornelius vs. The State,* 12 *Ark.* 805.

GARLAND & RANDOLPH, for appellee.

The declarations and directions offered to be proved were not made in the presence of the defendant, nor were they communicated to him, nor were they made in the presence of Kirk. See as to declarations by a party, *Brown vs. Wright*, 17 *Ark.*, 9; *Tatum vs. Mohr*, 21 *Ark.* 350.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

After Johnson, the plaintiff, had proved that he once owned the horse which he had replevied from the defendant in the suit on trial, and the defendant had proved the plaintiff's acknowledgment of having sold the horse to Kirk, the plaintiff called a witness and " proposed to the court to prove to the jury by said witness, as rebutting testimony, the declarations and directions given to the witness by the plaintiff, not in presence of Jno. Kirk, during the pendency of the supposed negotiation for a sale of the horse from plaintiff to said Kirk, connected and contemporaneous therewith, for the purpose of explaining said supposed sale, and to show its real character and terms."

We gather from the arguments made for Johnson, that the object of this testimony was to prove that the sale to Kirk, which the defendant's witness had spoken of, was not an absolute but a conditional sale. If such was its object, which we cannot deny, and certainly cannot affirm, what Johnson said should have been offered in proof, and the court could then have judged of its competency. It was not for Johnson to say what declarations of his were connected with the sale of the horse to Kirk, or would be explanatory thereof, would show its character and terms; but if his declarations had been repeated to the court, it would have had a basis on which to decide whether they amounted to an act, by showing the assent of Johnson to a sale, or to a transaction that would justify a stranger to Johnson, to Kirk, and to the horse, in believing or suspecting that the horse in Kirk's possession was not Kirk's horse. But the court was not bound to receive such testimony under

the proposition made by Johnson. But the testimony was not admissible, because incompetent, for no fact had been the subject of testimony, which allowed Johnson to introduce his declarations to show the sale to Kirk conditional, unless they had been explanatory of the acknowledgment of Johnson to the witness, George W. Kirk, of the sale of the horse to John Kirk. That acknowledgment was the only fact that had been testified about, was the only matter that was subject to any explanation, and such declarations would have been admissible as a part of the transaction, that is, a part of the acknowledgment. There had been no proof of any supposed negotiation for a sale of the horse from Johnson to John Kirk, and the evidence shows that the acknowledgment of Johnson to George W. Kirk was made after the sale, and that whatever Johnson said, that he wished to prove by his rebutting witness, had no connection with the acknowledgment.

After the defendant had proved the acknowledgment, it was open to Johnson to prove any qualification of it that he could; or to prove as an independent fact, and in the way he would prove any fact, how he sold the horse to Kirk, or what was the dealing between him and Kirk about the horse; but that could not be proved by what he had said to the rebutting witness, unless it was at, and a part of the sale or dealing, and this could not be unless the person dealt with was present participating in the fact, and thereby affected by what Johnson should say. Declarations of a party are often admissible as a part of a transaction, because they show the meaning and motive of the party, the object, nature, character and effect of the transaction about which the declaration is made; but before or when a declaration is received to affect an act, the act must be proved.

The doctrine announced and citations made for Johnson do not show the pertinency of the testimony he proposed to introduce.

In 1 *Greenlf. Ev. sec.* 108, the surrounding circumstances that

are a part of the transaction are stated to be admissible along with the principal fact. So in *Cornelius vs. The State*, 7 *Eng.* 803, the declarations of Cornelius were admissible, because explanatory of his motive in killing the cow; which was the principal fact, and which was proved against him. In the numerous class of cases, in which *Harbison vs. Henry*, decided at the present term, is one, where fathers send negroes with or to their daughters upon marriage or housekeeping, their declarations at the time are admissible, to show whether the negroes were given or loaned. The declarations must be concurrent with the act and explanatory of its nature. The declarations in this case were to disprove a contract of sale. They would not be evidence to prove a contract, and they ought not to be received for its disproof. *Mims vs. Sturdevant*, 23 *Ala.* 666.

In giving the first instruction asked by Johnson, the court had declared the law contained in the second and was under no obligation to declare the same law again. The third instruction was properly refused, because the doctrine of doubts and of clear cases has no foundation in civil practice. *Tatum vs. Mohr*, 21 *Ark.* 356; *Yarbrough vs. Arnold*, 20 *Ark.* 598. The tenth instruction, like every one from the third to the eleventh, was abstract, had no connection with any testimony given to the jury. The court did right in refusing the tenth instruction, but would have been much nearer right to have refused all from the third to the eleventh, on the same ground that we justify its refusal of the tenth.

The title to personal property does not always draw to it the right of possession, and so the eleventh instruction of Johnson was well refused. The owner of a slave cannot replevy it while under hire to a third person. *Wallace vs. Brown*, 17 *Ark.* 449.

As the court did not err in excluding the offered rebutting testimony, and in refusing the second, third, tenth and eleventh instructions asked for by Johnson, it did not err in not granting

a motion for a new trial, no other causes for it being assigned. Johnson's appeal is not sustained. The judgment of the Hempstead Circuit Court is affirmed.