# New Orleans, Mobile & Texas Railroad Company v. Castello.

*Action for Work and Labor done, commenced in Justice's Court.*

*Conclusiveness of judgment, as plea of former recovery.* — In an action on a simple contract, a judgment recovered by the plaintiff against the defendant in a former action, which was founded on a separate and distinct contract, is not conclusive as a plea of former recovery, because the plaintiff might have embraced in that action the demand on which his second suit is founded.

[New Orleans, Mobile & Texas Railroad Company v. Castello.]

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

GEO. N. STEWART and ALEX. MCKINSTRY, for appellant.

R. & O. J. SEMMES, contra.

B. F. SAFFOLD,— The question presented is, whether a plaintiff's right to recover in a suit on a simple contract is impaired or prevented, by the fact that, in previous litigation between the parties, on separate and distinct causes of action, he might, and perhaps ought to, have had the matter in controversy included and adjudicated.

The appellee, Castello, had three several contracts with the appellant : one prior to January 7, 1870, for work done by him, and completed; another, between the 10th of January and the 20th of April, 1870, under which he overseed some hands for the company ; and the third, about the 1st of May, 1870, by which he hired to them some mules and carts. On the 8th day of June, 1870, the company sued Castello to recover one hundred dollars. He, pleading his first demand as an offset, recovered a judgment for $100. On the 17th of June, 1870, Castello sued the company on his third contract, confining his complaint and evidence exclusively to it. He recovered judgment on the 21st of June, 1870, which has been paid, as has been the other above mentioned. On the same day, to wit, the 17th of June, 1870, he commenced this suit on the second contract for overseeing. All of these suits were commenced in the justice's court, whence the two last were taken by appeal to the circuit court.

In this case, the company, pleading non assumpsit, payment, and former judgments and satisfaction, insisted that, notwithstanding Castello had not been paid in full for his services as overseer, he ought not to recover in this suit, because, as he might have embraced the cause of action in the others, the judgments in them are conclusive that he did do so. Judgment was given for the plaintiff.

The rule governing the admissibility and effect of verdicts and judgments with reference to the matters in controversy, is, that the judgments of courts of concurrent jurisdiction are not admissible in a subsequent suit, unless they are upon the same matter coming in question, and directly upon the point; but, when the same matter is directly in question in another suit, and the judgment in the former suit is directly upon the point, it will be, as a plea, a bar, or, as evidence, conclusive. 2 Phil. Ev. 13. Where the plaintiff in a former action declared on a promissory note, and for goods sold, but, upon executing a writ

[Parker *v.* Dillard.]

of inquiry after judgment by default, gave no evidence on the count for goods sold, the judgment was not a bar to his recovering for the goods in another action, because there were distinct demands, and separate counts applicable to each. If the plaintiff had given any evidence at all on the count for goods sold, and the judgment had included this with the rest of the plaintiff's demand, the judgment might then have been pleaded as a judgment recovered upon the same identical causes of action. *Seddon* v. *Tutop*, 6 T. R. 607. See, also, *Robbins* v. *Harrison*, 31 Ala. 160 ; *Shaw* v. *Beers*, 25 Ala. 449. As it is conceded that the subject matter of this suit has never been in litigation before, there is no error in the judgment.

The judgment is affirmed.