# Betancourt *v.* Eberlin, Adm'r.

*Scire Facias to revive Judgment.*

1. *Trial of issues of fact by the court; special finding, when open for review in appellate court.*—Where, by agreement of parties, a jury is waived in a civil case, and the issues of fact are tried and determined by the court under the statute (Code, §§ 3029-31), and, at the request of one of the parties, the court makes a special finding, the sufficiency of such finding is open for review on appeal to this court.

2. *Same; what necessary to support special finding.*—Like a special verdict, such special finding can not be aided by intendment, or by reference to extrinsic facts, but it must directly and affirmatively find every fact in issue, essential to the right of recovery, or judgment upon it can not be pronounced; but it must be confined and be responsive to the issue; and so far as it may pass beyond the issue and find facts either confessed or not denied, it is *pro tanto* impertinent and bad.

3. *Same; when fact not in issue need not be found.*—Hence, where, in a proceeding by *scire facias* to revive a judgment after the lapse of ten years without the issue of an execution, a special finding was made by the court, in the absence of a plea of payment or an issue touching the satisfaction of the judgment, such finding is not insufficient because it fails to find that the judgment had not been satisfied, although, under the statute, the judgment must be presumed to be satisfied, and the

[Betancourt v. Eberlin, Adm'r.]

burden of proving that it was not, is thereby made to rest upon the party seeking to revive.

4. *Scire facias; can not be defended for errors behind the judgment.*—A *scire facias* to revive a judgment can not be defended because of matters going behind the judgment, or of errors in the course of proceedings leading to its rendition; and hence, the failure to file a complaint in a suit commenced by an attachment, although an irregularity for which, on appeal, a judgment by default would be reversed, is no defense to a proceeding by *scire facias* to revive the judgment recovered in that suit.

5. *Complaint in attachment suit; evidence of filing.*—While the endorsement of the fact of filing a complaint in an attachment suit by the clerk is conclusive evidence that it was filed, at any time after judgment, it is not, either before or after judgment, the exclutive evidence of that fact; but when the complaint is found with the original file of the papers in the cause, from which it must be transcribed when the final record is made up, forming part of it, and there is no countervailing proof, the fact of filing is satisfactorily shown.

6. *Judgment against garnishee; what errors thereby cured.*—The appearance and answer of a garnishee, without objection, cures whatever of defect or irregularity there may have been in the writ or summons, and the judgment thereafter rendered is conclusive upon him.

7. *Levy of attachment by service of garnishment; effect of; irregularities in garnishment can not affect validity of judgment.*—In attachment jurisdiction may be acquired by service of garnishment on defendant's debtor, which will be as full and complete as could .have been acquired by a levy of the attachment on real estate, or on visible, tangible chattels, capable of manual seizure; and the garnishment being merely incidental and auxiliary to the attachment, errors intervening therein can not affect the validity of the judgment rendered against the defendant.

8. *Attachment; a personal proceeding.*—A suit commenced by attachment is not a proceeding *in rem*, but is personal against the defendant; and the judgment therein authorized is not merely one of condemnation of the property attached, but is personal and general, as in a suit commenced by summons and complaint.

9. *Notice essential to judicial proceedings operating upon parties personally.*—While notice is an essential element of all judicial proceedings which are to operate upon parties personally, and can not be dispensed with by legislative enactment, such notice need not be personal; it is enough, if it is fairly and reasonably probable that the notice prescribed by the legislature will apprise the party proceeded against of the pendency of the suit, and of the consequent necessity for his appearance to make defense, if he is unwilling to submit to judgment.

10. *Statutes authorizing judgments in attachment suits without personal notice valid.*—Hence, the statutes of this State, as they formerly existed, authorizing personal judgments against defendants in suits commenced by attachment, without other notice than the levy of the attachment on the property or effects of the defendant gave, were consistent with the constitution; and judgments rendered therein, as between citizens of, and as to property found in, this State, were of the same force and effect, when drawn in question collaterally, as if they had been rendered on personal service.

APPEAL from City Court of Mobile.

Tried before Hon. O. J. SEMMES.

*Scire facias* by George Eberlin, as the administrator of the estate of M. D. Eslava, deceased, against Manuel Betancourt, commenced on 13th March, 1882, for the purpose of reviving a judgment which the said decedent recovered against Betan-

court in said court on 13th April, 1868, a part of which was averred to be unsatisfied; and of having an execution issued for the collection thereof. The defendant resisted the revival of the judgment and issue of execution on the following grounds: (1) "It appears of record in said cause that said City Court had no jurisdiction of said cause, because no complaint was ever filed therein." (2) "Defendant further says that it appears of record that said court did not have any jurisdiction to render a judgment for any sum beyond the value of the property garnisheed, because defendant was not served with any notice of said proceedings, and did not appear therein." (3) "Because it appears of record in said cause, that no execution could be issued against defendant upon said judgment, no notice of the proceedings upon which said judgment was rendered having been served upon him, and he not having appeared therein." By agreement of parties, a jury was waived, and the issues of fact were tried and determined by the court, without the intervention of a jury, under §§ 3029-31 of the Code; the court, at the request of the defendant, making "a special finding of the facts at issue between the parties."

This finding was, in substance, that the suit in which the judgment sought to be revived was recovered, was commenced on 11th November, 1865, by attachment sued out of said court by the said Eslava against the defendant, on the ground that the defendant had money or effects liable to satisfy his debts, which he fraudulently withheld; that this attachment was levied by service of "a summons of garnishment in attachment," on John J. Lazo and John Guizon; that on 1st December, 1865, one John *B.* Guizon filed an answer, under oath, purporting to be the answer of J. J. Lazo & Co., "garnishees in this cause," to said garnishment, in which he describes himself as a member of said firm, and in which an indebtedness of $340 is admitted; that a subsequent answer was afterwards filed by one Peres, recited to be a member of the firm of J. J. Lazo & Co., in which a notice was given that a third party living in Louisiana claimed to be the owner "of the fund previously answered to be due by said Lazo & Co. to Manuel Betancourt;" but that this answer has no endorsement thereon, showing that it had been filed. The court further found, in substance, that the claim to the fund suggested in the answer was never prosecuted, though notice was duly given; that a complaint was found among the papers in the orignal cause, but that it had no endorsement thereon, indicating that it had been filed; and that at the March term, 1868, judgment was rendered on verdict for the plaintiff against the defendant for $600.05, and the judgment-entry is made a part of the finding. This entry recites that the attachment "was levied on property

[Betancourt v. Eberlin, Adm'r.]

of the defendant in the hands of J. J. Lazo & Co." It is further found that a judgment against the garnishees on their answer, for the amount admitted therein, was subsequently and on the same day rendered against the garnishees; that no executions were issued on either of said judgments, but that the garnishees paid $280, which was credited on the judgment against the defendant; that "no levy of said attachment was made other than by serving said summons of garnishment upon said John J. Lazo and John Guizon, as shown above; and that no personal service of any of said proceedings was made upon the defendant; that no personal notice of said proceedings was ever given to said defendant, and that no notice of any kind, except such as the law may infer from the facts hereinbefore found, was ever given to defendant; and that the defendant did not appear in said cause, either in person or by attorney."

Upon this finding the court revived the judgment, and ordered execution to issue for its satisfaction. The defendant excepted to "the sufficiency of the facts found to support the judgment;" and he here assigns as error the finding of the court and the judgment rendered thereon.

J. L. & G. L. SMITH, for appellant, cited Code of 1876, § 3174; Cooley on Con. Lim. pp. 398, 402-4; *Shapard v. Lightfoot*, 56 Ala. 506; *Moore v. Burns & Co.*, 60 Ala. 269; *Little v. Fitts*, 33 Ala. 343; *Calhoun v. Fletcher*, 63 Ala. 584; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 599; *Wilburn & Co. v. McCalley*, 63 Ala. 443; *Mead v. Larkins*, 66 Ala. 87; *Comer v. Jackson*, 50 Ala. 385; *Brown v. Wheeler*, 3 Ala. 389; *Cooper v. Reynolds*, 10 Wall. 315; Drake on Att. § 5; *Pennoyer v. Neff*, 5 Otto, 714; *Kilburn v. Woodworth*, 5 John. 40; *Letondal v. Huguenin*, 26 Ala. 552.

P. HAMILTON and S. P. GAILLARD, contra, cited 26 Ala. 552; 43 Miss. 161; 6 Ir. (N. C.) 448; 4 Sneed, 196; 2 S. & M. 593; *Zeigler v. S. & N. R. R. Co.*, 58 Ala. 599; *Hoke v. Henderson*, 4 Dev. (Law) 16; *Dorman v. State*, 34 Ala. 231; 3 Kern. 391; 15 N. Y. 303; Story on Con. § 1943; 63 Ala. 436; Cooley on Con. Lim. (4th Ed.) 437; *Taylor v. Woods*, 52 Ala. 477; *S. & N. R. R. Co. v. Morris*, 65 Ala. 193; *Sadler v. Langham*, 34 Ala. 311; *Norman v. Heist*, 5 W. & S. (Pa.), 171; 104 U. S. 78; *Ib.* 783.

BRICKELL, C. J.—Prior to the enactment of the present statute, if it was not the duty of the court to try and determine the facts, if in the regular and usual course of procedure they should have been submitted to a jury for determination, and the parties waiving the intervention of a jury, submitted them

[Betancourt v. Eberlin, Adm'r.]

for decision to the court, the decision was not examinable on error—it was final and conclusive.—*Etheridge v. Malempre*, 18 Ala. 565; *Barnes v. Mayor*, 19 Ala. 707; *Bott v. McCoy*, 20 Ala. 578; *De Vendell v. Hamilton*, 27 Ala. 156; *Stein v. Jackson*, 31 Ala. 24. Parties are authorized by the statute, in civil cases in courts of common law jurisdiction, to waive the intervention of a jury and submit the issue of fact the case may involve to trial and determination by the court. The finding of facts may be general or special at the discretion of the court, unless one of the parties should request a special finding. Whether the finding is general or special, it has the same effect as the verdict of a jury, and if special, its sufficiency to support the judgment is open for review in an appellate court.—Code of 1876, §§ 3029-31. When the finding is special, the statute operates to open for examination the sufficiency of the facts as found to support the judgment, and casts upon an appellate court the duty of reviewing and examining the decision of the primary court upon them. The finding in the present case was special, on the request of the appellant, the defendant in the court below, and whether the facts as found, reduced to writing and entered on the minutes, will support the judgment rendered, must be inquired into and determined.

The insufficiency of the special finding is questioned first, because it is silent as to the satisfaction of the judgment sought to be revived. Assimilating the special finding to a special verdict of a jury, we incline to the opinion that the objection would be well taken, if the satisfaction of the judgment had been an issue of fact submitted for the decision of the court. A special verdict must find directly and affirmatively every fact in issue essential to the right of recovery, or judgment upon it can not be pronounced; it can not be aided by intendment or by reference to extrinsic facts. But the verdict of a jury, whether it is general or special, must be confined and responsive to the issue. So far as it may pass beyond the issue and find facts either confessed or not denied, it is impertinent and bad *pro tanto*.—10 Bac. Ab. 353; *Lee v. Campbell*, 4 Port. 198; *Sewall v. Glidden*, 1 Ala. 52. The issues of fact in the case were presented by special pleas, but no one of them was directed to, or involved the inquiry whether the judgment was satisfied or unsatisfied. The statute declares that if ten years elapse without the issue of execution, a judgment must be presumed satisfied, and the burden of proving that it is not, that it remains unpaid, rests upon the party seeking its revival.—Code of 1876, § 3174. If there had been a plea of payment, or any issue touching the satisfaction of the judgment, the points argued by counsel would arise. But in

30

[Betancourt v. Eberlin, Adm'r.]

the absence of such issue, the court could not determine or pass upon the fact of satisfaction. It was proper to observe, in reference to the fact, the silence which the parties had observed.

The first plea assails the jurisdiction of the court to render the judgment of which revival is sought, upon the ground that a complaint was not filed in the original action. The plea is upon its face bad. If the fact is, that in the original suit the court proceeded to final judgment without requiring the plaintiff to file a complaint, a statement in writing of the cause of action, standing in our practice in lieu of a declaration at common law, it was mere irregularity, for which on error a judgment by default would be reversed. But it was mere irregularity, not affecting the validity of the judgment when collaterally assailed. A *scire facias* for the revival of a judgment can not be defended because of matters going behind the judgment, or of errors in the course of proceedings leading to its rendition. If the court had jurisdiction, the judgment imports absolute verity. —*Miller v. Shackelford*, 16 Ala. 95; *Duncan v. Hargrove*, 22 Ala. 150. Whether, if the facts found specially would not support the conclusion of the City Court, that a complaint was filed in the original action, the judgment, if in other respects correct, would be disturbed, we need not decide. The conclusion of the City Court is manifestly right and proper. The want of endorsement upon the complaint by the clerk of the fact of its filing is a clerical omission. Such an endorsement would have been conclusive evidence of the fact of filing, at any time after the proceedings had ripened into judgment. But it is not, before or after judgment, the exclusive evidence of the fact. When there is no countervailing evidence, and the complaint is found with the original file of the papers in the cause, from which it must be transcribed when the final record is made up, forming part of it, the fact of filing is shown satisfactorily.

It may appear that the garnishment was irregular, that it did not with certainty set out the names of the garnishees, or properly describe them as partners, and for this reason, on timely application, would have been quashed at their instance. But in obedience to it, they appeared and answered, admitting an indebtedness to the defendant in attachment. The appearance and answer, without objection, cured whatever of defect or irregularity there may have been in the writ or summons of garnishment. The appearance of a party, without objection, is a waiver of defects or irregularity in the process issuing to him, and the judgment thereafter rendered is conclusive upon him. The proceeding was merely incidental and auxiliary to the proceedings and judgment against the defendant in attach-

[Betancourt v. Eberlin, Adm'r.]

ment, and errors intervening in the proceeding can not affect the validity of the judgment rendered against the defendant. Jurisdiction was acquired by the service of the garnishment, as full and complete as could have been acquired by a levy of the attachment on real estate, or on visible, tangible chattels, capable of manual seizure.—Code of 1876, § 3268; *Thompson v. Allen*, 4 St. & Port. 184; *Tillinghast v. Johnson*, 5 Ala. 514; *Cleaveland v. State*, 34 Ala. 254. It is an elementary principle, that a judgment rendered by a court having jurisdiction, not drawn in question on error, is final and conclusive between the parties and their privies, though the record may abound with errors or irregularities.

The proceeding by attachment is not, as is insisted by the appellant, a proceeding *in rem;* nor is it a mere judgment on condemnation of the thing attached the court is authorized to render. The suit is personal against the defendant, against him, not against the *res;* the complaint is filed in the same form, with the same and no other averments than are sustained when he has been personally served with summons to appear and answer; and the suit is subject to suspension or abatement because of intervening personal disabilities. The attachment, if the leading, is essentially original process; the commencement of suit is reckoned from its levy, and, while pending, it may be pleaded in abatement of a subsequent suit for the same cause of action. *Dean v. Massey*, 7 Ala. 601. The judgment rendered is personal and general, that the plaintiff have and recover of the defendant. There has been in practice no distinction observed, nor do the statutes contemplate or require that the distinction should be observed, in the form of judgment rendered in suit commenced by attachment and in a suit commenced by summons. At his election, the plaintiff may sue out upon the judgment a *venditioni exponas* for the sale of the property attached, or a *fieri facias* which may be levied on that property, or on any other effects of the defendant.—*Garey v. Hines*, 8 Ala. 837. It is apparent the statutes intend an attachment, when the original process, shall serve a double purpose, first, giving notice to the defendant, affording him the opportunity to appear and defend; secondly, the creation of a lien upon the thing attached, furnishing security to the plaintiff, if he succeeds in obtaining judgment. The judgment rendered originally is in the form of, and has the same legal effect as, the judgments which it has been the practice of the courts to render in suits commenced by attachment, and is not void or irregular.

It is further insisted by the counsel for the appellant, that the City Court was without jurisdiction to render the original judgment—that it is *coram non judice*, because rendered without *personal notice* to the defendant, or notice otherwise than by

[Betancourt v. Eberlin, Adm'r.]

the service of the garnishment. This proposition is near akin to that we have just considered. A judgment or decree is not obligatory, unless the court rendering it has jurisdiction of the subject-matter, and of the parties to be bound or affected. Notice is an essential element of all judicial proceedings which are to operate upon parties personally.—*McCurry v. Hooper*, 12 Ala. 823; *Eslava v. Lepretre*, 21 Ala. 504. It can not be doubted that it is within the scope of legislative power to prescribe the mode of bringing parties before the courts of the State—the mode of giving notice to them of the pendency of judicial proceedings in which they may have rights and interests involved. Whatever may be the extra-territorial operation of such regulations, though they may not be operative as to the citizens of other States, yet, they are binding upon the citizens of the State in which they are enacted, and affect all property found within its jurisdiction. Notice can not be dispensed with by legislative enactment. A statute which would authorize a judgment or decree upon proceedings purely *ex parte*, would be violative of the constitution and void. But it is quite a mistake to suppose the notice must of necessity be *personal*, given by the personal service of process citing the party to appear and defend. It is enough, if it is fairly and reasonably probable that the notice prescribed will apprise the party proceeded against of the pendency of the suit, and of the consequent necessity for his appearance to make defense, if he is unwilling to submit to judgment.—*Empire City Bank*, 18 N. Y. 215. There are many exceptional cases, in which a species of notice denominated *constructive*, as distinguished from *actual* notice, the notice given by personal service of process, is authorized by statute. In these cases, there would be indefinite delays in the administration of justice, the equivalent of a denial of justice, if some other mode of notice than the personal service of process was not authorized. In these cases, the legislative power must elect between the evils of delaying, or denying, or embarrassing the administration of justice, and the opposite evils of the probability or possibility of a judgment or decree rendered upon an *ex parte* hearing. The requirements of the constitution are satisfied, if the mode of notice prescribed is adapted to inform the parties to be affected of the pendency of the proceedings, giving them opportunity to appear and defend.

From the earliest existence of organized government here to the present time, we have had statutes authorizing the commencement of suits at law, in particular cases, by attachment of the property or effects of the defendant, and their prosecution to final judgment, which within the State would bind the defendant personally, and would be of the same effect and dignity,

as it would have been, if rendered upon the personal service of process. If the attachment was not sued out because of the residence of the defendant without the State, it is only within the last few years, since the rendition of the judgment now assailed, that any other notice was required than such as is imputable from the levy of the writ. The statutes have proceeded upon the reasonable and just presumption, that the owner has actual or constructive possession of his property and rights or credits, which can not be disturbed by a seizure or levy of legal process, without his knowledge, or without information coming to him, if he is ordinarily diligent in reference to his own interests. The seizure or levy will consequently operate as notice to him of the pendency of the suit, and afford him full opportunity to appear and defend. The validity of the statutes, and of judgments rendered in pursuance to them, has not heretofore been questioned, though numerous cases have been before the courts in which the judgments rendered are nullities, if the statutes are violative of the constitution. The case must be clear, there must be no room for doubt, before a court could now pronounce the statutes and judgments rendered under them inoperative and void. We do not doubt that the statutes are consistent with the constitution, and that judgments rendered in proceedings had under them, as between our own citizens, and as to property found in the State, are of the same force and effect, when drawn in question collaterally, as if they had been rendered upon personal service of the most formal process.—*Miller v. Pennington*, 2 Stew. & Port. 399; *Bigger v. Hutchings, Ib.* 445.

We find no error in the record, and. the judgment of the City Court must be affimed.