# Lanford & Co. Live Stock Corporation v. Mathis, *et al.*

## *Detinue.*

### (Decided June 21, 1913.  62 South. 967.)

*Trial; Finding of Fact; Sufficiency.*—Where the plaintiff requested a special finding of fact by the court under section 5360, Code 1907, a finding that the evidence was not sufficient to justify the court in holding that one of defendants was bound by an estoppel from claiming the animal covered by a chattel mortgage, but such finding stated no fact upon which this conclusion or any other conclusion in the case was founded, and omitted to find numerous facts essential to the judgment, was insufficient to support the judgment for defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Detinue by the Lanford & Co. Live Stock Corporation against C. W. Mathis, and others, to recover a mare. Judgment for defendants on the special finding of the facts, and plaintiff appeals. Reversed and remanded.

KNOX, ACKER, DIXON & STERNE, for appellant. The finding of the court under request for special finding of fact was not in compliance with the requirements of section 5360, Code 1907, and does not constitute a finding of the issues as required by that section.—*Brock v. L. & N.*, 114 Ala. 431, and authorities cited. It was appellant's right to demand a special finding, and it was the court's duty to find and set out each material fact in issue, so that the appellate court could readily decide whether or not the facts so found would support the judgment.—*Hearn v. L. & N.*, 60 South. 600; *W. U. T. Co. v. Anniston Cordage Co.*, 59 South. 757; *Kitchen v. Robinson Bros.*, 138 Ala. 419.

[Lanford & Co. Live Stock Corporation v. Mathis, et al.]

TATE & WALKER, for appellee.  No brief reached the Reporter.

PELHAM, J.—Appellant's nine assignments of error all attack the special finding made by the trial court as not being a compliance with the requirements of section 5360 of the Code, providing that, when a request in writing is made for a special finding of facts, the court must state in writing the facts as it finds them, as a basis for the judgment rendered.

As plaintiff in the court below, the appellant sued the defendants in detinue to recover a mare.  It was shown on the trial that the animal was in the possession of a firm of liverymen known as Eden & Chatman, when this firm purchased of the plaintiff a pair of mules, giving a mortgage on the mules and the mare in question to secure the purchase money.  It was shown that the mortgage was past due and unpaid, and that the plaintiff made demand of the defendants, in whose possession the animal was at the time, before bringing suit. There was evidence introduced in behalf of the defendants to the effect that Eden & Chatman had sold the mare to an employee, one of the defendants, John Redd, prior to the time the mortgage was given to plaintiff, and that the mare was his property, and that he had not consented to its being mortgaged to plaintiff.  Evidence was introduced in behalf of the plaintiff, in rebuttal, tending to show that the animal was kept in the stable and used in the business of Eden & Chatman, like their other stock, for a period of about two years, and that on the occasion when the mortgage was given to the plaintiff the defendant John Redd was present and heard the conversation between the parties, and virtually consented to the mare's being included in the mortgage, and that subsequently Redd had admitted that he

knew at the time the mortgage was taken that the mare was included in it, and made no denial of plaintiff's claim and right to her when the subject was discussed with him by a representative and one of the officers of the plaintiff company. The defendant Redd denied these matters, and there was other evidence, pro and con, going to show the use, etc., of the animal as tending to prove ownership, that it is not necessary to set out.

The special finding of facts made by the court in this case does not find the material facts in issue before the court on which the case was tried, except by intendment. It does not find, except possibly by inference or intendment: (1) That the parties from whom defendants claimed to have bought the animal ever owned it or had it in possession; (2) that the plaintiff did or did not have a mortgage on the property; (3) whether or not defendants were in possession of the property sued for, and that a demand was made on them by the plaintiff; (4) whether the purchase by defendant Redd from Eden & Chatman was prior to the mortgage; (5) whether or not the facts relied upon to show an estoppel were found to exist; (6) whether or not the defendant Redd knew of the mare's being included in the mortgage; and (7) whether or not the defendant Redd had the conversations and made the admissions to the plaintiff's representative, testified to by him and denied by the defendant Redd. The finding set out in the record states that "the evidence is not sufficient to justify the court in holding Redd bound by an estoppel," and following this statement is a discussion of some of the evidence and of the rules of law applicable; but what the court found to be the facts in support of this conclusion is not set out, and we are therefore furnished nothing

[Lanford & Co. Live Stock Corporation v. Mathis, et al.]

upon which to review the correctness of the conclusion reached by the court on this question.

The effect of this failure upon the part of the court to set out the facts found by it on which the conclusion was arrived at from the evidence is to deny the appellant, who requested the special finding, the right of review provided by statute (Code, § 5361) ; for, if the facts as found by the court are not set out, we are, of course, unable to examine and determine from them whether they are sufficient to support the conclusion or judgment. The court says in the special finding that certain parts of the evidence, pretermitting other parts, afforded an inference that the defendant Redd knew the mare was being mortgaged to the plaintiff; but what the court found to be the fact with respect to this matter on the whole evidence is not stated, and we do not know, from what is said in the special finding, whether the court found facts showing an estoppel by a preponderance of the evidence, and also found that there remained a substantial doubt of the fact in the mind of the court. The plaintiff complied with the requirements of the law in requesting a special finding, and was entitled to have the court state in writing the facts as it found them, to be entered on the minutes. The finding set out is rather an argumentative discussion of parts of the evidence, and a reasoning of the legal principles applicable, than a finding of the material facts in issue upon which the court's conclusion and judgment is based. It is not a compliance with the requirements of the statute.—Code, § 5360; *Brock v. L. & N. R. R. Co.,* 114 Ala. 431, 21 South. 994; *Betancourt v. Eberlin, Adm'r,* 71 Ala. 461; *Bibb v. Hall & Farley,* 101 Ala. 79, 14 South. 98.

Reversed and remanded.