# Wharton, Administrator, etc., *v.* Cain.

### *Action on Common Counts.*

1. *Account stated; when recovery may be had under.* — Under a count on an account stated, a recovery may be had for an attorney's fee for professional services under a special contract, on proof of the performance of the services, and the defendant's subsequent admission to a third person, not the plaintiff's agent, that he was indebted to the plaintiff in the specified sum for the services.

2. *Presumption on settlement of accounts.* — Whatever presumption of finality arises from a settlement of accounts between two parties, is rebutted and destroyed when the details of the settlement show that the particular matter afterwards litigated, though anterior to the settlement, was not embraced in it.

APPEAL from the Circuit Court of Etowah.

The record in this case having been lost, the reporter cannot state the name of the presiding judge in the court below, nor the facts of the case, except as they appear in the opinion of the court.

JAMES AIKEN, for appellant.

FORNEY & MARTIN, *contra.*

B. F. SAFFOLD, J. — The appellee sued the appellant, charging him, in two counts, on an account stated between himself and the defendant's intestate. The first specified, that the account was for merchandise, goods, and chattels sold, and for board. The second was for work and labor, and legal services rendered. Issues were joined on the pleas of *non assumpsit*, statute of limitations of six years, and payment. Judgment was given for the plaintiff for the full amount of his claim in

both counts. The evidence was, that the plaintiff and the defendant's intestate had a settlement of mutual accounts, in July, 1865, which showed a balance in favor of the plaintiff of $14.16. The items of this account against the decedent were board, legal services, and merchandise furnished, between 1860 and the date of settlement. 2d. That the plaintiff performed other legal services for the decedent during the same period, for which the latter admitted to a third person he was to pay $150. The plaintiff set out, in the account presented to the court, that this service was rendered under a special contract. Upon this evidence, the court refused to charge for the defendant: 1st, "that a simple agreement between the plaintiff and the defendant's intestate, for a fee of $150, was not a stated account between the parties, although it would take six years to bar such a claim; 2d, that the intestate's admission to the third person was not evidence of a stated account between the parties; 3d, that the settlement of accounts which was proved, created the presumption of a settlement of all accounts between the parties up to its date." The refusal of these charges is now assigned as error.

It is said by Chitty, that an account stated is not proper to recover a single sum under an express contract, but lies only where an account has been stated with reference to *former* transactions; that an attorney's bill cannot be recovered under this count, without due proof of delivery of a signed bill; and that an admission by the defendant, in a conversation with a *third person*, that he was indebted to the plaintiff in a named sum, is not evidence of an account stated, unless the third person was the plaintiff's agent. 1 Chit. Plead. 358, 359. It is manifest, that the defendant's admission, or declaration to a third person, of his indebtedness to the plaintiff in a named sum, does not, alone, prove an account stated, which must be done between the parties. But an account may consist of a single item. *Ware* v. *Dudley*, 16 Ala. 742. And if the party to whom it is rendered admits its correctness, or retains it without making objection within a reasonable time, he will be bound by it as a stated account. *Langdon* v. *Roane*, 6 Ala. 518. Any evidence which tends to prove that the defendant was indebted to the plaintiff by account, and that he subsequently acknowledged it to be so, is admissible.

In *Knowles* v. *Michel* (13 East, 249), it was proved that the plaintiffs had sold to the defendants some standing trees, which the defendants afterwards procured to be felled and taken away. When Michel was served with the writ, both of the defendants admitted that they had bought the trees jointly for nine guineas, but Michel said he would pay no more than one half. There was no other item of account between the parties.

The court were clearly of opinion, that the evidence was sufficient to sustain the count upon an account stated. Lord Ellenborough said, if there were an acknowledgment by the defendant of a debt due upon any account, it was sufficient to enable the plaintiff to recover upon the count for an account stated.

In *Breckon* v. *Smith* (1 Adol. & Ell. 488), the plaintiff declared on an account stated. The particular delivered with the declaration was, " To a beast sold and delivered, £13 10*s*." The only evidence was, that the plaintiff admitted, in conversation with a third person, not shown to be an agent of the plaintiff, that he owed the latter £13 10*s*. A new trial was granted to the defendant, with leave to the plaintiff to amend his particular, on the ground that the judgment in favor of the plaintiff was not so conclusive of the cause of action as to give identity to it, if the defendant should be again sued for the same subject-matter. This case seems to be the one upon which are based the authorities for the rule, that the admission of the defendant to a third person, not an agent of the plaintiff, is not evidence of an account stated. It does not sustain the proposition as broadly as it is generally laid down. Such an admission certainly tends to prove that there had been an accounting ; else the defendant would not have known what he owed. It disproves an open account, and, in the absence of proof to the contrary, supports the count on an account stated. The testimony of McGee, in proving the plaintiff's performance of the services, supplies the defect for which the plaintiff was nonsuited in *Allen* v. *Cook* (2 Dowl. 546), and makes this case very like *Seagoe* v. *Dean* (3 Car. & P. 170), and *Ware* v. *Dudley* (16 Ala. 742).

The first charge asked by the appellant is imperfect, in respect to the time when the agreement for a specified fee was made, and was calculated to mislead the jury. The second is incorrect. Both were properly refused.

2. The third charge refused was calculated to mislead the jury, by giving undue importance to a portion only of the evidence. Besides, whatever presumption of finality may arise from a settlement of accounts between the parties, it is destroyed when the details of the settlement show that the matter in controversy, though anterior, was not contained in it.

The judgment is affirmed.