# Harwood's Adm'r *v.* Pearson *et al.*

### *Final Settlement of Administrator's Accounts.*

1. *Probate decree on evidence; how considered on appeal.*—When the correctness of a probate decree depends on the evidence, all of which is set out in the bill of exceptions, this court will not disturb it, except under circumstances which would justify the setting aside of the verdict of a jury.

2. *Burden of proof, as to payment, or right of retainer by administrator.*—When an administrator claims a credit, on final settlement of his accounts, for a debt which he has paid, the burden of proving the existence of the debt and its payment is on him; and if he claims to retain for a debt due to himself, he must clearly prove the existence of the debt; but, if the distributees admit the validity of the debt, and contest the credit on the ground of payment, the burden of proving such payment is cast on them.

APPEAL from the Probate Court of Sumter.

In the matter of the estate of Mrs. Elizabeth D. Harwood, deceased, on final settlement of the accounts and vouchers of Samuel B. M. Harwood, as administrator. The record does not show when the intestate died, nor when letters of administration on her estate were granted to said Samuel B. M. Harwood. The only matter of contest on the settlement was "the allowance of voucher No. 1, which was a note made by the intestate, hereinafter described, and the allowance of any claim for or on account of any money paid therefor as a credit on said note;" but the record does not set out the voucher as claimed, nor show what credit was claimed on account of it, nor what objections were filed to its allowance. The note, as set out in the bill of exceptions, is for $1,570; is dated the 6th June, 1859; payable twelve months after date, to Samuel B. M. Harwood, executor of Samuel M. Harwood, deceased, with interest from date; purports to be signed by Elizabeth D. Harwood, and by C. F. Harwood and R. E. Harwood as her sureties; and indorsed on it is a credit for $500 in gold, paid July 27, 1871, to which the name of said Samuel B. M. Harwood is signed. The administrator introduced the note as evidence, and testified, as a witness for himself, that it was given for lands sold by him, as executor of said S. M. Harwood, deceased, under a decree rendered by the Probate Court of said county; that the lands were bought at the sale by Mrs. Elizabeth D. Harwood, the intestate; that he charged himself with the amount of the note on final settlement of his accounts as executor, "and the note was thereupon passed over to him as his property by

the probate judge, and he has retained the possession of it since that time;" and he produced the record of said final settlement, which was made in March, 1860, and which showed a balance of $297.25 in his favor as executor. The contestants then introduced a deed, dated the 20th September, 1860, by which said executor, professing to act under an order and decree of said Probate Court, conveyed said lands to Mrs. Elizabeth D. Harwood, the intestate, as the purchaser at the executor's sale; and proved by one James E. Hart, who was one of the contestants, "that said Samuel B. M. Harwood was himself in possession of said lands at the time of his sale as executor, and had continued in the uninterrupted possession thereof ever since, and there had been no change of possession." Said witness testified, on cross-examination by the administrator, "that he was a son-in-law of the intestate, and lived near her at the time of the sale of said lands by said executor, and was familiar with her business affairs; and that she was not, when said note fell due, nor afterwards to the time of her death, in a condition to pay for said lands, except by a sale of negro property, and that she had sold no negroes for that or any other purpose." The contestants then introduced a deed, dated the 31st May, 1869, by which said administrator and his wife conveyed a house and lot in Gainesville to the intestate, for the consideration, as recited therein, of $1,425; and said witness testified that the intestate "was not in a condition to pay that amount of money at that time, and had been for several years dependent on the bounty of Dr. Pearson and himself." The administrator then introduced, and proved the execution of a bond for titles to said house and lot, from E. A. Roberts and Elisha Lacy, from whom he had purchased the said property; which recited that he had paid $725 of the purchase-money, and was conditioned to make titles to him, his heirs, or assigns, on payment of the balance, which was $700; and on which was indorsed his assignment of said note to the intestate, dated September 21, 1860. He then introduced, and proved the execution of a deed from the intestate to himself, for the land which she had bought at his sale as executor; which deed was dated the 21st September, 1860, and recited as its consideration the assignment of said title-bond to her, and the promise of said S. B. M. Harwood to pay the residue of the purchase-money when due. He introduced, also, the testimony of S. A. Meredith, who was a grandson of the intestate, and whose testimony had been reduced to writing by consent, subject to legal objections; and who stated, in substance, that he was present at the "land-trade" between the intestate and the adminis-

trator, in September, 1860, and that he had frequently heard her speak, up to 1868, about owing said note to the administrator for the purchase-money of the land bought at his sale. The contestants objected to this testimony, and also to the admission of the deed from the administrator to the intestate, but without stating any particular ground of objection; and their objections were overruled. "This was all the evidence in the case; and upon this evidence, and none other, the court rejected and disallowed said voucher, based on said note, as a credit to said administrator, and charged said administrator with the sum of $500 in gold, indorsed as a credit on said note"; to which rulings exceptions were reserved by the administrator, and which he now assigns as error.

The case was before this court at its December term, 1875, and may be found reported under the name of *Harwood v. Harper*, 54 Ala. 659–69.

SNEDECOR & COCKRELL, for appellant.

COOKE & LITTLE, *contra*.

BRICKELL, C. J.—The correctness of the decree of the Court of Probate depends wholly upon the evidence, all of which is set out in the bill of exceptions. The decree should not be disturbed, unless it is so unsupported by the evidence, and the legitimate inferences from it, that a court having authority would feel justified in setting aside the verdict of a jury founded on the same evidence, in a controversy involving the same issues.—*Kirksey v. Kirksey*, 41 Ala. 626.

The fact to be ascertained is, whether the note of the intestate to the appellant had been paid in her life. When a credit is claimed by an executor, or administrator, and its validity is disputed, the law casts on him the burden of supporting it. If it be a debt he has paid to another, the existence and payment of the debt must be shown.—*Gannt v. Tucker*, 18 Ala. 27; *Savage v. Benham*, 11 Ala. 49. When he claims to retain for a debt due himself, the existence of the debt must be clearly established. If those contesting his right to retain admit the validity of the debt, or, not successfully controverting it, rely on the fact of its payment, the burden of proof rests on them. They stand in the attitude of a defendant pleading payment of a debt, the existence of which is not matter of dispute, on whom the burden of proof always rests.—2 Green. Ev. § 518.

It is not insisted there is any direct evidence of the pay-

[Peebles v. Weir.]

ment of the note. Payment is an inference, which, it is insisted, must be drawn from the facts, that after its execution the appellant remained in possession of the lands, the purchase-money of which is the consideration of the note, and that the intestate subsequently conveyed them to him. However just such an inference might be, if the facts stood alone, it is repelled, when another, distinct and independent consideration for the conveyance of the lands is shown by the recitals of the deed, and the contemporaneous facts. The repeated recognitions of the debt by the intestate, after the execution of the conveyance, continuing until a short time before her death, are inconsistent with any such inference. There is no evidence in this record, which supports the conclusion that this note had been paid.

The decree must be reversed, and the cause remanded.