# Folmar *v.* Folmar.

### *Application for Authority to Erect Mill-Dam.*

1. *Proceedings to erect mill-dam; notice to jurors.*—Where in a proceeding under the statute for authority to erect a mill-dam, the sheriff, after selecting the jurors, and issuing notices for them to attend at the time and place designated, entrusted the notices for some of the jurors to the applicant to be served, who did serve them, and the jurors so notified attended and acted as jurors, this, in the absence of any statutory provision prescribing any particular mode in which the jurors were to be notified, and of injury resulting to the contestant, is not a reversible error.

2. *Same; effect of judgment of reversal on appeal.*—Where, in such a proceeding, this court, on appeal, reversed an order granting to the applicant authority to erect the dam, and remanded the cause, the order ceased to exist, and there was no necessity for the judge of probate to have entered of record the fact of reversal, or a revocation of the order; and such order, having been reversed and annulled, could not be pleaded in bar or in abatement of further proceedings on the application.

3. *Same; when application and writ sufficient.*—An application in such proceeding is not subject to demurrer on the ground that the place where the dam was to be erected is not definitely designated, when it avers that the applicant is the owner of the land on each side of the stream, the name of which is given, and the land is described by sectional subdivisions, township and range, and the side of the stream on which the mill is to be erected, is stated.

4. *Same; admissibility of testimony.*—In such a proceeding a question propounded by the applicant to a witness, calling for the purpose for which he examined the place where the dam was to be erected, and his answer thereto, that he examined it in reference to health, are permissible.

5. *Same; when findings of judge of probate will not be disturbed.* Where, in such a proceeding, after the inquest of the jury had been returned to the judge of probate, he heard other evidence introduced by both the applicant and contestant before making an order for the erection of the dam, this court will not, on appeal, revise and reverse the conclusions and findings of the judge, unless they are manifestly unsupported by the evidence.

6. *Same; on contest, a suit inter partes, as well as in rem; costs.* When the application in a proceeding to erect a mill-dam is contested. the proceedings assume the form and character of a suit *inter partes,* as

well as *in rem;* and if the contestant is unsuccessful, he is properly taxed with the costs of the contest.

APPEAL from an order made by the Judge of Probate of Crenshaw county.

Tried before Hon. B. A. WALKER.

This was an application by Jesse Folmar, the appellee, for permission and authority to erect a dam for a water grist mill and gin across "King's Mill Creek," and was filed on 25th February, 1880, and was contested by George S. Folmar, the appellant, whose lands were ascertained by the inquest of the jury to be liable to damage from the erection of the dam. The cause was before this court at a former term on appeal by the present appellant, and is reported.—*Folmar v. Folmar*, 68 Ala. 120. After the cause was remanded, on the written application of the appellant, another writ of *ad quod damnum* was issued on the original petition, and a jury was summoned thereunder, who met at the place where the dam was to be erected, made and signed their inquest and delivered it to the sheriff, who returned it to the office of the judge of probate as required by the statute. On the day set for the further hearing of the application, the contestant appeared, and moved to quash the venire, the return of the sheriff and the inquest, on account of the manner in which the jury was summoned, the facts in reference to which are sufficiently stated in the opinion, and on the further ground that no order had been made quashing or otherwise disposing of the inquest and return made under the first writ. This motion having been overruled, the contestant then pleaded the inquest and return made under the first writ in abatement of the proceedings. Issue being joined on this plea, it was shown that no order had been made setting aside or vacating the said inquest and return, but that the only order made after such return was the order granting the petitioner's application, which was reversed by this court. This plea was also overruled. Thereupon the contestant demurred to the petition and to the writ of *ad quod damnum* on the ground, in substance, that neither designated definitely the place where the dam was to be erected. The averments of the petition, after stating the residence and age of the applicant, are as follows: "1st. That he is the owner in fee simple of the west half of the north-east quarter of section 33, township 9, range 19, a tract or body of land lying in said county and State; that a water-course known and called by the name of 'King's Mill Creek,' which is not a navigable stream, runs through said land, and that your petitioner is the owner of the land on each side of said water-course. 2nd. That petitioner proposes to erect a dam to the height of twelve feet across said

[Folmar v. Folmar.]

'King's Mill Creek' on said above described land for a water grist mill and a water gin, which will grind and gin for the public, said mill and gin to be erected on the east side of said water-course." A copy of the application is attached to the writ and made a part thereof, and the writ commands the sheriff to summon the jury "to meet with you on the 15th day of April, 1881, on the west half of the north-east quarter of section 33, township 9, range 19, the place where said dam is proposed to be erected, as specified in said application," etc. The judge of probate overruled the demurrer, and the contestant then took issue on each of the findings of the jury, and denied that said findings were true.

The applicant examined as a witness before the judge of probate one J. L. Hawkins, who, having testified that he had made an examination of the place where the dam was to be erected, was asked by the applicant what did he examine it for; to which he replied that he was called on to examine it with reference to health, and did so. Exceptions were also reserved to a similar question propounded by the applicant to one W. T. Shows, and to the answer made thereto. To the question and answer the contestant duly objected, but the court overruled his objections and he separately excepted. Numerous other witnesses were examined on behalf of both the applicant and the contestant, but the opinion does not render it necessary to set out the substance of their testimony. After argument of counsel the judge of probate made and entered an order, reciting the proceedings had in the cause, granting the application, and taxing the costs of the contest against the contestant, and the other costs against the applicant.

Exceptions were reserved by the contestant to the several adverse rulings above noted, and to the final order, and those rulings and order are here assigned as error.

GAMBLE & PADGETT, for appellant.

GRIFFIN & WOOD, and J. D. GARDNER, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The statute under which these proceedings were had, devolves on the sheriff the duty of summoning the jury of inquest; not merely of citing or notifying, but of selecting the disinterested freeholders of the county who are to compose the jury. If it appeared that the sheriff had delegated to either party, applicant or contestant, the power of selecting the freeholders, or any or either of them, composing the jury, we will not say it would not be an error or irregularity, for

which, on timely objection, the verdict of the jury should be quashed. That is not, however, the objection now made. The sheriff selected certain freeholders as members of the jury, addressed to them a written notice to appear on a day named, at a place where the dam was to be erected, and entrusted the notice to the applicant to be served. The notice, it is inferable from the presence of these persons at the time and place appointed, was served, and the inquest had and reported to the judge of probate. The statute does not prescribe any particular mode in which the jury was to be notified, and we can not perceive that the mode adopted by the sheriff has, or could work injury to the contestant.

2. When the former order of the judge of probate granting the application was reversed and the cause remanded, the order ceased to exist, and the cause stood in the plight and condition in which it would have been if the order had never been made. There was no necessity that the probate judge should have entered of record the fact of the reversal of the order, or that he should have entered a revocation of it. The order having been reversed and annulled, was not of course pleadable in bar or in abatement of further proceedings on the application.

3. The order conforms to the requisitions of the statute, and is not obnoxious to any of the causes of demurrer assigned. The applicant is averred to be the owner of the land on each side of the stream; the land is described by sectional subdivisions, township and range; the name of the water-course, on which side the mill and gin were to be erected, the kind of mill and gin, and the height of the proposed dam are precisely stated; and this is all the statute requires the application to contain. Code of 1876, § 3558.

4. The purpose for which the witnesses Hawkins and Shows had examined the place where the dam was to be erected, it was permissible for them to state, as well as the character of the examination they made.

5. The jury returned their inquest to the probate judge, finding that about one acre of the land of the contestant would be injured and overflowed by the erection of the dam, and assessing the damages resulting therefrom. They further, by their findings, negatived all injuries mentioned in the statute (Code of 1876, § 3569), which, if affirmatively found, would have required that the application should have been rejected. In reference to these matters the judge of probate heard other evidence introduced by the applicant and contestant, and upon such evidence and inquest made an order authorizing the erection of the dam. It is obvious this court can not assume to revise and reverse the conclusions and findings of the judge, unless they were manifestly unsupported by the evidence, which is

[Snedecor v. Freeman.]

not now affirmed.—*Nooe's Ex'r v. Garner's Adm'r*, 70 Ala. 443.

6. In all civil actions, under our statute, costs are taxed against the unsuccessful party. When the appellant intervened and contested the application to erect the dam, the proceedings assumed the form and character of a suit *inter partes* as well as *in rem*. The contestation being unsuccessful, he was properly adjudged to pay its costs. His wrongful contest created them. Affirmed.