# Morris v. West et al.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Action to recover statutory penalty for cutting trees; misleading charge.*—In an action to recover the statutory penalty for knowingly and willfully cutting and removing trees from the lands of another without his consent (Code, § 3296), an instruction that defendant is liable for what the trees were worth, though he did not know, at the time the trees were cut, that they were on plaintiff's lands, is properly refused, it being confusing and calculated to mislead the jury, in that the jury might understand therefrom that the defendant was liable in no event for anything more than the value of the wood cut from the land.

[Morris v. West et al.]

2. *Refusal to grant new trial; when reversed on appeal.*—This court will not reverse an order refusing a new trial on the ground that the evidence was not sufficient to support the verdict, or that the verdict was contrary to the evidence, unless, after allowing all reasonable presumption of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that said verdict was wrong and unjust.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JOHN B. TALLY.

This was an action brought by the appellees against the appellant, to recover the statutory penalty for cutting, destroying and removing certain trees, particularly described in the complaint, as provided by section 3296 of the Code of 1886.

The complaint contained two counts. The first count claimed damages for the defendant willfully and knowingly, and without the consent of the plaintiff, cutting down a certain number and kind of trees on the property, which were specifically described in the complaint. The second count claimed damages for the defendant willfully and knowingly, and without the consent of the plaintiff, taking away a certain number and kind of trees from the same premises, which had already been cut or had fallen down. The other facts are sufficiently stated in the opinion.

There was judgment for the plaintiffs. The defendant appeals, and assigns as error the refusal of the court to give the charge requested by him, and the overruling by the court of his motion for a new trial, the ground of which motion was, that the verdict was contrary to the evidence and was contrary to law.

O. D. STREET and A. A. WILEY, for appellant.

LUSK & BELL, *contra*.

HARALSON, J.—This action was to recover the penalty prescribed by section 3296 of the Code. There were two counts in the complaint, the second of which charges the defendant with having willfully and knowingly, and without the consent of the plaintiffs, taken and carried away .certain trees, which were already cut down or fallen on the lands of the plaintiffs.

The defendant pleaded not guilty, and a special plea, numbered two. The plaintiff took issue on the plea of not guilty, and replied to the second, on which replication the defendant took issue. But this second plea, and the replication to it, and joinder thereon, may be eliminated from the cause, since the course the trial took in the court below, and the argument of counsel here, show that the trial was had on the plea of the general issue.

The fact is not disputed, that defendant cut and removed trees from the lands *claimed* by, and to be in possession of the plaintiffs; but, the real contest was, whether in fact they were cut on, and removed from, plaintiffs' lands, and, if so, if the act was knowingly and willfully done by the defendant, since there was a dispute between them as to where the true line between their adjoining lands ran. There was evidence tending to support each side of the contention. We refer to so much of it, only, as will show the character of this dispute, and that, for the purposes of the appeal, on the refusal of the motion by the defendant for a new trial in the court below.

John West, the husband of one of the plaintiffs, testified that the defendant had some trees cut on the undivided lands of his wife, one of the plaintiffs, and her ward, Frank Johnson, for whose use she also sues, and of which his wife was in the possession for herself and ward; that there were 43 chestnut, 32 oak and 15 hickory trees and saplings cut on said lands; that before defendant cut them, witness went to him and requested him not to do so; that a year or two before this time, the defendant turned some hands on the land to cut timbers, and would not desist when requested; that witness went to see defendant, after he had cut the timbers, to have the line between him and his wife's lands surveyed; and after that line had been located by the surveyor, defendant came to witness and offered him 35 cents per cord for the wood he had cut, and witness asked him 40 cents, which he declined to pay, and afterwards defendant hauled the wood away.

The defendant testified, there had been three surveys of this line, one by surveyor Rickets, in 1867 or 1868, a second by Baker, and the last one by Kidd; that before the last survey, about 18½ cords of wood were cut on the plaintiffs' lands, but none of it on said lands, according

[Morris v. West et al.]

to previous surveys; that he was careful to point out the line to his hands, and told them not to cut on plaintiffs' lands; that after they had been cutting for some time, said West came and said he desired the line run, as he did not know where it was; that to this defendant agreed and Kidd was sent for to locate the line, and did so in a manner, which defendant insists was incorrect, but the surveyor refused, afterwards, to give a certificate of its correctness; that after this line was run, he did not cut any more wood on plaintiffs' side of it, and for the sake of peace, he offered to pay West 35 cents a cord for the wood he had already cut, although he believed the survey to be wrong, and the trees had been cut on his own land; that he afterwards removed the wood from the trees he had cut down before the location of the line last surveyed.

The bill of exceptions states, that after the oral charge of the court, the defendant requested the following charge, which the court refused to give, and he excepted: "The removal and appropriation of the trees by the defendant make him liable to pay for them what they were worth, though he was not aware, at the time, that they were cut on the plaintiffs' land, and this may be recovered, if the defendant has no avoidable defense in some appropriate form of action." This was the only exception reserved, except on the order overruling the motion for a new trial.

The charge was properly refused, since it was confusing and calculated to mislead the jury, and if construed as an instruction—as it was possibly intended—that the defendant was liable, in no court, for anything more than the value of the wood cut from plaintiffs' lands, it was an incorrect proposition of law, as applicable to a case of this kind, for the recovery of the statutory penalty for knowingly and willfully cutting and removing trees from the lands of another without his consent.— *Russell v. Irby*, 13 Ala. 131; *Givens v. Kendrick*, 15 Ala. 650; *Rogers v. Brooks*, 99 Ala. 31, 11 So. Rep. 753; *Oswalt v. Smith*, 97 Ala. 627, 12 So. Rep. 109.

The questions as to where the true line between the plaintiffs and the defendant ran, and whether defendant knowingly and willfully trespassed on plaintiffs' land were, no doubt, submitted to the jury by the trial court, under proper instructions, and it was their pro-

vince to settle them. This court, as we have before now held, will not reverse an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against it is so decided as to clearly convince the court that it is wrong and unjust. We are unable to draw such a conclusion as to the verdict in this case.—*Cobb v. Malone*, 92 Ala. 631; 9 So. Rep. 738 ; *Nooe v. Garner*, 70 Ala. 443.

Affirmed.